LAW OFFICE OF
# PETER A. ROMERO

Peter A. Romero
promero@romerolawny.com

David D. Barnhorn
dbarnhorn@romerolawny.com

June 27, 2019

Hon. Sandra J. Feuerstein
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:   *Sorto v. Moncon, Inc. et al*.   18-CV-06108 (SJF) (SIL)

Dear Judge Feuerstein:

    This firm represents the Plaintiff in the above-referenced action. Plaintiff commenced this action against his former employer alleging that Defendants violated the Fair Labor Standards Act and New York Labor Law by failing to pay him overtime wages when he worked more than forty (40) hours per week. Defendants, through their counsel, filed an Answer to the Complaint denying Plaintiff's allegations. Thereafter, the parties resolved their dispute through a series of negotiation discussions and seek approval of the settlement of Plaintiff's FLSA claims pursuant to *Cheeks v. Freeport Pancake House, Inc.*, No. 14-cv-299 (2d Cir. Aug. 7, 2015). The parties have memorialized their resolution in a Settlement Agreement & Release ("Agreement"), attached hereto as Exhibit A, which was signed by Plaintiff. Although Plaintiff's counsel is not yet in possession of the Agreement signed by Defendants, we will file the fully executed Agreement and Stipulation of Dismissal immediately upon receipt from Defendants' counsel.

    The release set forth in the Agreement is limited to claims arising under the FLSA and NYLL. The Agreement does not contain any confidentiality or non-disclosure provision. The disparagement provision contains a carve-out and does not prohibit Plaintiff from making truthful statements regarding the facts underlying Plaintiff's claims and/or about his experiences litigating this case. The Agreement is reasonable and in the best in interest of Plaintiff. The parties agreed to fully and finally resolve all of Plaintiff's claims by having Defendants pay Plaintiff a total of $11,000. Plaintiff believes the agreement is fair and reasonable under the circumstances. The parties held very different views about the merits of Plaintiff's claims. The parties' respective views differed as to the extent of overtime hours worked by Plaintiff and the number of weeks that Plaintiff worked more than 40 hours per week during his employment with Defendants. Due to the fact-intensive nature of these inquiries, it is likely that the case would not be resolved until after significant discovery, depositions and briefing, if not at trial. Accordingly, resolving the action on behalf of the Plaintiff at this early juncture provides certainty in that he will receive compensation for his alleged unpaid overtime wages.

    In light of the significant litigation risks outlined above, all parties believe that this settlement is fair. Based on a review of Defendants' time and pay records, the settlement amount exceeds the amount of any overtime wages that might be due for hours that Plaintiff worked beyond 40 hours per week. Moreover, Plaintiff will be able to recover settlement funds more expeditiously, and with more certainty, than a trial judgment, since the parties would need to take depositions, brief numerous motions on the merits before trial could commence.

Hon. Sandra J. Feuerstein
June 27, 2019
Page 2

      As set forth in the attached Agreement, the parties have agreed to settle this action and provide mutual general releases for a total settlement amount of $11,000 (the "Settlement Amount"). This amount includes $4,000.00 in attorneys' fees and costs. Plaintiff's counsel advanced the filing fee and costs for service of process. The attorney's fee represents no more than one third (33.3%) of the net settlement amount after reimbursement of expenses and is reasonable. Plaintiff's counsel researched and investigated the claims, conducted an in-depth and detailed inquiry regarding Plaintiff's job duties, hours worked and compensation received, commenced this action, and negotiated the settlement. Due to the contingent nature of the case, Plaintiff's counsel undertook these efforts with no ultimate guarantee of compensation. Plaintiff's counsel was zealous in the pursuit of Plaintiff's litigation objectives and secured a favorable result on the Plaintiff's behalf. The settlement amount will be made available to Plaintiff without the uncertainty and delay of trial.

      In short, the settlement is the result of substantial negotiations and compromise by both parties. The parties believe that the proposed settlement is completely fair, reasonable, and adequate to the Plaintiff in light of the risks of litigation and should be approved.

      We appreciate Your Honor's attention to this matter.

Respectfully submitted,

*/s Peter A. Romero, Esq.*

PETER A. ROMERO

Attach

cc: All counsel of record